## J. Strickland v. The State.

1. Affidavit for an Information stated in its caption the proper county and the State, and, without elsewhere stating the name of the county, alleged the venue of the offence by appropriate words of reference to the caption.  *Held,* sufficient.

2. Note in the opinion an affidavit and an information which are held not amenable to the objection that they charge different offences.

Appeal from the County Court of Camp.    Tried below before the Hon. W. P. Skeen, County Judge.

The opinion sufficiently states the case.

*R. W. Hudson,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.   The grounds of the motion in arrest of judgment are, (1) that the affidavit upon which the information was founded does not show upon its face that the offence was committed in the county where the same was filed ; (2) that the information does not conform to or charge the same offence charged in the affidavit.

The objection to the affidavit presents a question quite similar to one raised in *Smith* v. *The State*, 3 Texas Ct. App. 549.   There is great similarity between the two affidavits.   In each the name of the county is set out, and is not stated elsewhere.   But in one respect they are entirely unlike.   In Smith's case, the affidavit upon its face does not state that the offence was committed in the county, as required by the statute cited in the opinion, and because of this omission it was held to be insufficient as a basis for an information.

The affidavit in the present case sets out the county in the commencement, as in the case of *Smith* v. *The State*, and, in stating the offence, uses this language :   " That one James Strickland, being a person of robust strength, late of said county and State, on the 21st day of December, A. D. 1878, did then and there unlawfully," etc.   The affidavit commences, " The State of Texas, county of Camp."   We are of opinion that the expressions " late of said county and State " and " then and there " necessarily relate back to the statement " The State of Texas, county of Camp," and to the date on which the offence is stated, there being nothing else preceding to which the same can refer ; and that the expression " then and there," used in the affidavit in the present case, if it had been inserted in Smith's case, would have cured the precise defect therein.   The affidavit, we are of opinion, does show upon its face that the offence was committed in the county of Camp, where it was filed ; and therefore the objection is not well taken.

But it is insisted on the part of the appellant that there is a fatal variance between the offence set out in the affida-

vit and that set out in the information, or, as stated in the motion in arrest of judgment, the information does not conform to or charge the same offence charged in the affidavit.

We quote from each such portions as are necessary to determine the question of variance. The language of the affidavit is: " That one James Strickland, being a person of robust strength, late of said county and State, on the 21st day of December, A. D. 1878, did then and there unlawfully, with force and arms, strike, beat, and bruise him, the said J. H. Biles, upon the body and face of him, the said Biles, then and thereby inflicting serious bodily injuries upon him, the said Biles; and he, the said James Strickland, did then and there inflict the injuries aforesaid with the premeditated design to injure him, the said Biles."

The offence set out in the information is as follows: " That, on the 21st day of December in the year of our Lord one thousand eight hundred and seventy-eight, in the county and State aforesaid, one James Strickland, a person of robust strength, late of said county and State, did then and there unlawfully, with force and arms, strike, beat, and bruise him, the said J. H. Biles, upon the body and face of him, the said Biles, he, the said Biles, then and there being an aged person, to wit, —— years of age, then and thereby inflicting serious bodily injuries upon him, the said Biles; and he, the s: .l James Strickland, did then and there inflict injuries aforesaid with the premeditated design to injure him, the said Biles; contrary," etc.

We fail to discover any material variance between the offence as stated in the affidavit and that set out in the information. They both charge the same offence, committed in the same county, on the same day, by the same and upon the same. There is in both instruments an attempt made to cover two grounds of aggravation, as defined in the Code, by which an assault or battery becomes aggravated (Rev. Penal Code, art. 486),—to wit, the fourth, " when com-

mitted by a person of robust health or strength upon one who is aged or decrepit;" the seventh, "when serious bodily injury is inflicted upon the person assaulted;" and perhaps the ninth, "when committed with premeditated design, and by the use of means calculated to inflict serious bodily injury." There is no question of duplicity raised in the present case, and on that subject no opinion is expressed; but we are of opinion that both the affidavit and the information charge the same offence, so far as the objection raised applies.

We are of opinion the testimony was not sufficient, under the law as charged by the court, to warrant a conviction of aggravated assault, and that a new trial should have been granted.

We think it proper to notice what appears in the record to be anomalous. Whilst it appears that the term of the court at which the appellant was tried and convicted adjourned on February 8, 1879, there is in the transcript an affidavit purporting to have been made by the sheriff and one of the justices of the peace of the county, stating that they examined the minute-book of the court on the eleventh day of February, 1879, and "there was not a single judgment or order rendered at the February term of record on said book, and that the same was not approved by the county judge, for," the affiants say, "there was no minutes for him to approve." The rights of the appellant were not affected by this irregular mode of transacting the business of the court; and we do not desire to do more than call attention to the subject and to art. 1175, Revised Statutes.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*